UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

DANIEL JOSEPH DEMERY,

    Appellant,

v.                                                                          CASE NO. 3:24-cv-1190-MMH-SJH

PMP ASSET, LLC, etc.

    Respondent.
_____/

DANIEL JOSEPH DEMERY,

    Appellant,

v.                                                                          CASE NO. 3:24-cv-1205-MMH-SJH

PMP ASSET, LLC, etc.

    Respondent.
_____/

DANIEL JOSEPH DEMERY,

    Appellant,

v.                                                                          CASE NO. 3:24-cv-1210-MMH-SJH

PMP ASSET, LLC, etc.

    Respondent.
_____/

DANIEL JOSEPH DEMERY,

    Appellant,

v.                                                                          CASE NO. 3:24-cv-1241-MMH-SJH

PMP ASSET, LLC, etc.

      Respondent.
_____/

## REPORT AND RECOMMENDATION

Daniel Joseph Demery ("Demery"), proceeding *pro se*, initiated each of the above-captioned actions against PMP Asset, LLC ("PMP"). Each action purports to appeal an Order entered in a state-court action between Demery and PMP. *See* Case No. 1190,[1] Doc. 3 (Amended Appeal of Order Denying Motion for Change of Venue); Case No. 1205, Doc. 1 (Appeal of Order Denying Motion to Vacate the Resetting of the Foreclosure Sale Date); Case No. 1210, Doc. 1 (Appeal of Order Denying Motion for Audit); Case No. 1241, Doc. 1 (Appeal of Order on Plaintiff's Application for Determination of Civil Indigent Status). Demery has filed an Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form) in each action ("Motions"). *See* Case No. 1190, Doc. 2; Case No. 1205, Doc. 2; Case No. 1210, Doc. 2; Case No. 1241, Doc. 2. For the reasons stated herein, the undersigned **recommends** that the Motions be **denied** and that these cases be **dismissed without prejudice**.

Under the *in forma pauperis* statute, a court may authorize the commencement of a case without prepayment of fees by a litigant who submits an affidavit showing he is unable to pay them. *See* 28 U.S.C. § 1915. Even assuming a plaintiff meets the

---

[1] Each of the above-captioned case numbers begins with "3:24-cv-" and ends with "-MMH-SJH". For brevity, this Report and Recommendation will omit the common elements of the case numbers. For example, "Case No. 1190" refers to Case No. 3:24-cv-1190-MMH-SJH.

2

financial criteria to proceed *in forma pauperis*, however, the reviewing court is also obligated to review the case pursuant to § 1915(e)(2) and to dismiss the case if it determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The Court must also *sua sponte* dismiss an action if it determines at any time that it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3).

Considering subject matter jurisdiction first, "[f]ederal courts are courts of limited jurisdiction and therefore have an obligation to inquire into their subject matter jurisdiction." *Jones v. Waters*, No. 3:24-cv-45-MMH-LLL, 2024 WL 474116, at *1 (M.D. Fla. Feb. 7, 2024). Thus, "a federal district court must have at least one of three types of subject matter jurisdiction: (1) jurisdiction under a specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)." *Baltin v. Alaron Trading Corp.*, 128 F.3d 1466, 1469 (11th Cir. 1997); *see also Jones*, 2024 WL 474116, at *1.

It is Demery's burden to properly allege and establish subject matter jurisdiction. *See Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994); *McGovern v. Am. Airlines, Inc.*, 511 F.2d 653, 654 (5th Cir. 1975).[2] On February 5, 2025, the undersigned issued an Order (the "Order to Show Cause") in each of the above-

---

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

3

captioned cases explaining that Demery had failed to do so and directing him by no later than February 26, 2025, to "(i) take appropriate action (if possible) to demonstrate that the Court has subject-matter jurisdiction in each of the above-captioned actions; and (ii) **SHOW CAUSE** in writing why each of the above-captioned actions should not be dismissed without prejudice for lack of subject matter jurisdiction." Case No. 1190, Doc. 9 at 4; Case No. 1205, Doc. 7 at 4; Case No. 1210, Doc. 8 at 4; Case No. 1241, Doc. 7 at 4.

In response to the Order to Show Cause, Demery filed an identical Reply to Jurisdictional Question (the "Response") in each of the above-captioned cases on February 26, 2025. Case No. 1190, Doc. 10; Case No. 1205, Doc. 8; Case No. 1210, Doc. 9; Case No. 1241, Doc. 8.[3] Upon review of the Response, and for the reasons set forth in the Order to Show Cause and herein, the undersigned recommends that subject matter jurisdiction is lacking.[4]

As set forth in the Order to Show Cause, Demery's "pleadings in Case No. 1205, Case No. 1210, and Case No. 1241, make no mention of jurisdiction, nor is any jurisdictional basis apparent in any of his pleadings" and "[t]he only pleading that purports to invoke subject matter jurisdiction is in Case No. 1190, where Demery alleges simply that original jurisdiction exists because the amount in controversy is

---

[3] The body of the Response filed in each case is identical, but the attachments are not.

[4] Since the Response, Demery has filed certain additional documents in his cases. None purports to respond to the Order to Show Cause, addresses the defects therein or herein, or establishes the existence of subject matter jurisdiction.

4

greater than $75,000." *See* Order to Show Cause at 3 & n.3. But, as the Order to Show Cause explained, the requisite amount in controversy "is merely one component of diversity jurisdiction under 28 U.S.C. § 1332. Such jurisdiction also requires complete diversity—that is, 'all plaintiffs must be diverse from all defendants.'" *Id.* at 3-4 (citations omitted).[5] As the requisite complete diversity had not been alleged, and Demery did not "purport to identify the citizenships of himself or of PMP[,]" the Order to Show Cause explained that Demery had "not properly invoked this Court's jurisdiction." *Id* at 4.[6] Thus, the Order to Show Cause directed Demery to take appropriate corrective action (if possible) and to show cause why these actions should not be dismissed for lack of subject matter jurisdiction. *Id.* at 4-5.

Demery's Response confirms that his alleged basis for subject matter jurisdiction is diversity jurisdiction under 28 U.S.C. § 1332. *See* Response at 1 (citing 28 U.S.C. § 1332 and stating that "in each of the related cases, *original* federal jurisdiction was invoked by the Petitioner indicating that the amount contested is ***above***

---

[5] As explained in the Order to Show Cause, Demery, as a natural person, is a citizen of the state in which he is domiciled. *See id.* at 4 n.4 (citing *Smith v. Marcus & Millichap, Inc.*, 991 F.3d 1145, 1149 (11th Cir. 2021)). PMP, as a limited liability company, is a citizen of each state of which any member of PMP is a citizen. *See id.* (citing *Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004)).

[6] The Order to Show Cause identified other potential jurisdictional obstacles even if the parties were completely diverse, but it did not need to reach such issues given Demery's facial failure to establish complete diversity. *Id.* at 4 n.5. That remains the case.

5

Seventy-Five Thousand Dollars ($75,000.00)").[7] In support of such jurisdiction, Demery continues to maintain that the amount in controversy exceeds $75,000. *Id.* But, even assuming *arguendo* that is so, Demery wholly fails to address the defects set forth in the Order to Show Cause and makes no effort to show that the parties are completely diverse. *See generally id.*

---

[7] To the extent the Response or any of the iterations of the attachments thereto make passing references to federal statutes or law, such fleeting references and bare mentions of federal law in connection with the state-court proceedings Demery purports to appeal do not give rise to federal question jurisdiction under 28 U.S.C. § 1331. *See, e.g.*, *Diaz v. Sheppard*, 85 F.3d 1502, 1505-06 (11th Cir. 1996); *Gillespie v. Google LLC*, No. 5:24-cv-101-MMH-PRL, 2024 WL 1270493, at *2 (M.D. Fla. Mar. 26, 2024); *Holliday v. Lloyd's, Underwriters At, London*, No. 8:17-cv-2063-T-33AEP, 2017 WL 6624160, at *3 (M.D. Fla. Dec. 28, 2017); *Bey v. Am. Honda Fin. Servs. Corp.*, No. 8:17-cv-759-T-33MAP, 2017 WL 11018006, at *2 (M.D. Fla. Apr. 27, 2017); *see also Cannie v. Eler*, No. 3:20-cv-1387-HES-JBT, 2021 WL 1132160, at *2 (M.D. Fla. Mar. 1, 2021) ("'The amendments to the U.S. Constitution do not allow freestanding claims pursuant to the amendments.'"), *report and recommendation adopted*, 2021 WL 1117764 (M.D. Fla. Mar. 24, 2021), *aff'd*, No. 21-11172, 2022 WL 3018245 (11th Cir. July 29, 2022). Beyond that, although the Response itself is expressly limited to diversity jurisdiction under 28 U.S.C. § 1332, to the extent any of the civil cover sheets included in the different attachments to the Response reference federal statutes or federal question jurisdiction, citations in a civil cover sheet cannot confer federal question jurisdiction, which is not apparent from or invoked in Demery's pleadings. *See Giscombe v. U.S. Dep't of Lab.*, No. 6:22-cv-1964-CEM-DAB, 2022 WL 18716718, at *2 (M.D. Fla. Nov. 10, 2022), *report and recommendation adopted*, 2022 WL 18716719 (M.D. Fla. Dec. 1, 2022); *Bounaccorsi v. Marion Cnty. Comm'rs*, No. 5:06-cv-285-Oc-10GRJ, 2006 WL 4792781, at *2 (M.D. Fla. Oct. 6, 2006); *see also* Order to Show Cause at 3 n.3. Finally, of the three federal statutes cited in the civil cover sheets included in different iterations of the attachment to the Response, two—18 U.S.C. § 1205 and 28 U.S.C. § 14, *see* Case No. 1205, Doc. 8-1 at 1; Case No. 1241, Doc. 8-1 at 1—do not exist. The third—18 U.S.C. § 242, *see* Case No. 1210, Doc. 9-1 at 1—is a criminal statute that does not create a private cause of action Demery has standing to pursue or basis for federal question jurisdiction, *see Richards v. Harris*, No. 8:23-cv-269-SDM-JSS, 2023 WL 6940280, at *2 (M.D. Fla. Feb. 23, 2023), *report and recommendation adopted*, 2023 WL 6940281 (M.D. Fla. Mar. 14, 2023); *Jones v. Ramos*, No. 5:22-cv-482-GAP-PRL, 2023 WL 3234334, at *5 (M.D. Fla. Feb. 6, 2023), *report and recommendation adopted*, 2023 WL 3225057 (M.D. Fla. May 3, 2023); *Andrew Corpus v. Depass*, No. 2:18-cv-665-FtM-29-NPM, 2020 WL 4260980, at *2 (M.D. Fla. July 24, 2020).

Thus, subject matter jurisdiction is lacking and dismissal without prejudice is warranted. *See Stalley ex rel. U.S. v. Orlando Reg'l Healthcare Sys., Inc.*, 524 F.3d 1229, 1232 (11th Cir. 2008).

Accordingly, it is respectfully **recommended** that:

1. The Motions (Case No. 1190, Doc. 2; Case No. 1205, Doc. 2; Case No. 1210, Doc. 2; Case No. 1241, Doc. 2) be **denied**.

2. The above-captioned cases be **dismissed without prejudice**.

3. The Clerk of Court be directed to terminate any pending motions and close these files.

## Notice

"Within 14 days after being served with a copy of [a] recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "A party may respond to another party's objections within 14 days after being served with a copy." *Id.* A party's failure to serve and file specific objections to the proposed findings and recommendations impacts the scope of review by a district judge and by an appellate court. *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(C); 11th Cir. R. 3-1. "The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1)(C). "A party failing to object to a magistrate judge's findings or recommendations contained in a report and

recommendation ... waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions[.]" 11th Cir. R. 3-1.

    **DONE AND ENTERED** in Jacksonville, Florida, on March 4, 2025.

                                                Samuel J. Horovitz
                                                United States Magistrate Judge

Copies to:

The Honorable Marica Morales Howard, United States District Judge

Daniel Joseph Demery, *Pro Se* Party